UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BAILEY FINCH                                                                    PLAINTIFF

v.                                                                 Civil No. 1:18-cv-152-GHD-DAS

PEPPERIDGE FARMS, INC., *et. al*                                                DEFENDANTS

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS

In July 2018, Defendant Pepperidge Farms issued a product recall for its popular Goldfish crackers after learning that an ingredient provided by Defendant Associated Milk Producers that it used on the crackers may have been infected with *salmonella*. Immediately prior to the recall, Plaintiff Bailey Finch ate some Goldfish crackers and developed a *salmonella* infection.

Finch filed this suit, and in her original complaint she asserted product liability claims, as well as claims for negligence, negligence per se, and breach of implied warranty of merchantability. Pepperidge Farms moved to dismiss the negligence, negligence per se, and warranty claims, arguing the Mississippi Products Liability Act provided the exclusive causes of actions for liability based on product defects, and that the Act provided no causes of action for negligence, negligence per se, or breach of an implied warranty.

Finch amended her complaint, now asserting "product defect, failure to warn, breach of warranties, and negligence [claims] brought under the Mississippi Product Liability Act." Am. Compl. [Doc. 12] ¶ 22. The amended complaint contains much of same factual allegations as the previous one, many relating to Defendants negligence, violation of certain Mississippi and federal statutes, and breach of implied warranties.

Pepperidge Farms again moves to dismiss any common law negligence, negligence per se, and breach of implied warranty claims contained in the amended complaint. Finch did not respond to the motion.

1

The MPLA applies to "any action for damages caused by a product, including, but not limited to, any action based on a theory of strict liability in tort, negligence or breach of implied warranty, except for commercial damage to the product itself." Miss. Code Ann. § 11-1-63. Thus, the Mississippi Supreme Court has stated that MPLA provides the "exclusive remedy" for suits against a manufacturer for damages caused by the product. *Elliott v. El Paso Corp.*, 181 So. 3d 263, 270 (Miss. 2015).

Strictly speaking, this does not mean the common law negligence or breach of implied warranty claims against a product manufacturer are disallowed, but rather that those claims must be analyzed under the MLPA framework. *Id.* at 268–269 ("Plaintiffs' negligence and strict-liability-based products-liability claims against [Defendants] must be analyzed under the MPLA."); *Young v. Bristol-Myers Squibb Co.*, No. 4:16-CV-00108-DMB-JMV, 2017 WL 706320, at *3 (N.D. Miss. Feb. 22, 2017); *but see Jackson v. Monsanto Co.*, No. 5:18-CV-13-DCB-MTP, 2018 WL 3995799, at *2 (S.D. Miss. Aug. 16, 2018) (requiring plaintiff to replead common-law claims as MPLA claims).

However, when the negligence and breach of implied warranty are duplicative of already-pleaded products liability claims, they should be dismissed. *Young*, 2017 WL 706320, at *4 ("[W]here a common law claim is subsumed by the MPLA and is brought alongside products liability claims based on the same theory of recovery, the proper course is to dismiss the common law claim to the extent it is duplicative of the parallel products liability counts."); *Elliot*, 181 So. 3d at 269 ("To the extent that Plaintiffs purport to make common-law negligence or strict liability claims based on damages caused by [the product], we find that those claims fail as a matter of law.")

Here, Finch alleges that Defendants were negligent in producing the crackers and that negligence caused them to be infected with *salmonella* and that Defendants negligently failed to warn customers of the infection. Am. Compl ¶¶ 26–38. Finch further alleges that Defendants failed to comply with certain state and federal food health statues, and that that failure caused the infection, and so they were negligent per se. *Id.* ¶¶ 39–44. Finally, Finch

alleges Defendants breached an implied warranty, under Miss. Code Ann. § 75-2-314, that the crackers were fit for consumption.

Those claims are duplicative of the product defect, failure to warn, and breach of express warranties she pleads under the MPLA. *See* Miss. Code Ann. § 11-1-63(a)(i) (imposing product liability when product (1) was defective in its manufacture (2) was failed to contain adequate warnings, (3) was defectively designed, or (4) breached an express warranty). For that reason, they are subsumed by her product defect, failure to warn, and breach of express warranty claims, and should be dismissed as duplicative. *See Young*, 2018 WL 706320, at *4 (dismissing negligence and breach of implied warranty counts that were subsumed by product liability claim as duplicative.)

Accordingly, the Court ORDERS that Pepperidge Farms' motion to dismiss [14] is GRANTED, and plaintiff Bailey Finch's negligence, negligence per se, and breach of implied warranty claims are DISMISSED. The matter shall proceed on Finch's product liability claims.

SO ORDERED, this the 23 day of January, 2019.

/s/ Alan H. Davidson
SENIOR U.S. DISTRICT JUDGE